Chief Justice Robertson
-di-livered the opinion of the court.
Jw 1829, Kirley sued Sproul, and by making an affidavit, in pursuance of the Act of 1829, (Session Acts, 172,) held him to bail. After a judgment had been rendered in favor of Kirley against Sproul, and at the same term, Mitchell, who had become the special bail,surrendered Sproul in court, and prayed to be discharged. Whereupon, the court made an order for discharging the bail, and also an order for discharging the principal; and this writ of error is prosecuted by Kirley to reverse these orders,
^ct 0f ] 339 has made a radical change in the undertaking and liability oí special ban. 11 the pnri-cipal have estate, and remove: it out of the comraon-wealth without satisfying the creditor’s judgment, the will be liable, otherwise he will not be. This cannot be extinguished by the surrender of the principal, and therefore the circuit courts have no power to exonerate the bail m consequence, ol a surrender of the principal.
But we cannot consider the orders made by the circuit court, in this case, ns judgments which this court s^ou^d revise. The plaintiff was notin court,or, in any way, a party to the anomalous proceeding; and the orders were extra-judicial. Moreover, the only order of which the plaintiff could complain, is that for discharging the bail, and Mitchell (the bail,) is not a party in ibis COlii'i.
Wherefore the writ of error must be dismissed,.foe *93 want of jurisdiction, in this court, to revise such orders in such a mode.
Turner, for plaintiff; Breck, for defendant.